PARAGON GEAR WORKS, INC.

v.

BORG–WARNER CORPORATION and
J. H. Westerbeke Corp.

Civ. A. No. 64–306.

United States District Court
D. Massachusetts.

Dec. 18, 1964.

W. R. Hulbert, Charles C. Winchester and Fish, Richardson & Neave, Boston, Mass., for plaintiff.

Edward A. Haight, Britton A. Davis, Haight, Simmons & Hofeldt, Chicago, Ill., Robert W. Meserve, Nutter, McClennen & Fish, Boston, Mass., for defendants.

WYZANSKI, District Judge.

This is an action for patent infringement brought by Paragon Gear Works, Inc., against Borg-Warner Corporation and J. H. Westerbeke Corp. The patent in suit is Seavey, United States Patent No. 2,694,367, entitled "Rotary Pump."

The Seavey invention is a rotary gear pump which purports to include a novel arrangement of the parts making it adaptable without substituting or adding any elements to either right or left hand rotation engines by the expedient of removing, inverting, and assembling several of its parts. The pump was designed specifically for the purpose of, and has special advantages for use in, marine hydraulic transmissios where engines of both rotations are used in twin-engined craft.

The demand for marine hydraulic transmissions for pleasure boats is the result of a post-World War II growth of the boating industry. Twin-engined craft having hydraulic transmissions were found to offer a real advantage in permitting inexpensive dependable control of the transmissions from one or more remote locations. Engines of opposite rotation prevent a yawing tendency during acceleration and deceleration. Large twin-engined craft equipped with hydraulic transmission pumps provide hydraulic fluid of sufficient pressure to operate the transmissions and move the hydraulic fluid through the transmissions in the same direction, regardless of engine rotation.

Marine hydraulic transmissions were first produced by the well-known but no longer operating Packard Company. Packard provided two separate pumps to accommodate engines of opposite rotation. That solution was unsatisfactory from an inventory and cost standpoint.

Responding to Packard competition, and seeking to find a solution better than Packard's, Paragon in 1948–49 entered the hydraulic transmission field. Paragon experimented, as had Packard, with transmissions using a non-reversible, gear type pump. This pump could not be used with engines of both rotations. Paragon therefore gave its employee, Seavey, the assignment of developing a

new pump specifically to meet marine requirements. For this purpose the required reversibility had to be accomplished within the framework of exacting requirements for marine pumps, including provision for a through drive shaft, minimal radial and axial dimensions, simplicity of operation, minimal number of moving parts, and simplicity of mode of reversal.

To meet these requirements Seavey designed the pump which constitutes the invention in suit. It satisfies all of the marine requirements. It constitutes a generally axial flow, crescent and gear type pump, having a seal plate with ports at the points of convergence and divergence of the meshing eocentric gears, and a cover plate with ports designed for registry with the seal plate ports in either normal or inverted reversal positions of the seal plate and pump.

Nothing in the prior art disclosed or suggested such a pump, or anticipates Seavey.

The Patent Office considered the most pertinent prior art and rightly concluded that it did not anticipate. The reversible pump shown in Wilsey, U. S. Patent No. 1,719,640, was not an anticipation as the Patent Office correctly concluded. Swiss Patent No. 218,968, on which defendants relied at the present trial, shows, with respect to reversibility, a structure identical to Wilsey and falls within the conclusion reached by the Patent Office. Taken as a whole, the patents considered by the Patent Office and relied upon here merely show that crescent gear pumps are old, that cover plates and seal plates of various forms are old, and that reversal may be obtained by inverting the crescent and gears alone, or by a specially designed labyrinthine seal plate, or by reconnecting the external plumbing.

The defendants cite in addition to the Patent Office material three items which are no bar because they merely make disclosures of non-reversible pumps, i. e., Kelbel, U. S. Patent No. 2,582,487, Peterson, U. S. Patent No. 2,131,968, and the Chevrolet shop manual and pump.

None of the prior art discloses a reversible axial flow pump having a seal plate ported at the point where the gear teeth mesh, in combination with a cover member having enlarged ports designed for registry with those of the seal plate, regardless of the flow position of the plate and pump gears. In Seavey's invention, for the first time the reversible pump is of a size and type desirable for marine use. It has a simplified construction which reduces cost and improves "dependability". In its use of a seal plate with properly located ports in combination with a cover member having large ports of non-critical dimensions, Seavey overcame the previous problem of accurately casting very thin core patterns into the cover member.

The Seavey invention had immediate commercial success. It accomplished the end which the Packard structure had not achieved.

The failure of others seeking to accomplish the same end is a significant indication that what Seavey accomplished was not obvious in the light of the prior art as it existed at the time he made the invention.

The fact that in the Seavey patent no screws are shown holding the pump parts and seal plate together does not sustain defendant's argument that there is no support in the specification for the claim language "rotatable as a unit." The two references in Col. 1, lines 37–42, 58–65, and Col. 2, lines 66–72 adequately answer the point made by defendants.

There is no credible evidence that Seavey's invention was "on sale" prior to the statutory bar date set by 35 U.S.C. § 102(b).

■ It follows that Seavey, United States Patent No. 2,694,367 is valid.

Borg-Warner showed its first interest in marine hydraulic transmission in 1956 when the Seavey pump had been in commercial production for seven years.

Having vainly tried to design a satisfactory pump for marine use, which would meet the special needs in that field, Borg-Warner obtained a Paragon

transmission and pump; dismantled, studied and measured both of them; and then copied all the elements of the Seavey invention—axial flow, crescent gear pump, seal plate with ports at the points of meshing of the gears, and cover plate with ports designed for registry with the seal plate ports in either the normal or the inverted reversal position of the seal plate and pump. This is the product which is charged by plaintiff as infringing the patent in suit.

It is plain that the claims of the patent read on the Borg-Warner product. Borg-Warner's copy of the Seavey invention has the identical elements and the identical relationship that Seavey has. It operates functionally in an identical manner to accomplish the identical result that Seavey's does. It is not of any importance that the Borg-Warner copy has ports greater and smaller than 180° or that the copy obtains reversal by rotating the gears and the seal plate but 127½°—for Seavey's claims spoke of ports of "substantially 180°" and in claim 2 of rotation through "approximately 180°."

■ Nor can it be validly contended that the doctrine of file wrapper estoppel is here applicable. Each of the two claims of the patent call for ports of substantially 180° in the cover member and claim 2 calls for rotation through 180°. But these limitations, added at the insistence of the Patent Office, were based on that Office's rejection for indefiniteness, not to distinguish any prior art. Inasmuch as Seavey never surrendered anything for the purpose of distinguishing the prior art, the doctrine of file wrapper estoppel is not properly invoked here.

This is a clear case of infringement by Borg-Warner of plaintiff's valid patent. J. H. Westerbeke Corporation, having sold within Massachusetts the infringing Borg-Warner structure is, like Borg-Warner Corporation itself an infringer of the valid Seavey patent.

Judgment for the plaintiff with costs.